IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES ED RIVERS | ) | CASE NO. 1:10CV1401 |
| Plaintiff, | ) ) ) | JUDGE DAN AARON POLSTER . |
| v. | ) ) | |
| MICHAEL A. KUDRIN, et al. | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* James Ed Rivers, incarcerated at the Grafton Correctional Institution, Grafton, Ohio, filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Court's diversity jurisdiction, 28 U.S.C. § 1332, against fellow inmate Michael A. Kudrin ("Kudrin"), the Grafton Correctional Institution and All Unknown Actors/Agents. He has included claims for slander, libel, unauthorized use of his name and address for the purpose of making terrorist threats and threats of death through the United States mail in violation of the United States Postal Law and the Anti-Terrorist Act.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Plaintiff alleges in his Amended Complaint that two detectives visited him and informed him that Kudrin used Plaintiff's name to threaten the life of his (Kudrin's) ex-wife and forged his

signature for the purpose of causing mental anguish upon her and terror upon her two minor children in violation of the Anti-terrorist Act and the United States Postal Laws. Another purpose was to cause mental anguish, pain and suffering upon the Plaintiff in order to destroy all hope of his ever being released from prison. There is no mention of the Grafton Correctional Institution or All Unknown Actors/Agents in the Amended Compliant. He seeks an injunction enjoining Kudrin from continuing with this illegal conduct, to cease and desist all contact with Plaintiff and prohibit anyone from interfering with this civil action or the prosecution of this or any future civil or criminal action. In addition, he requests compensatory and punitive damages in the amount of $100,000.00 plus attorney fees.

In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." The person acting under color of law is usually a state or local government official or employee. *Doyle v. Schumann*, 2008 WL 397588 * 3 (N.D. Ohio, Feb. 11, 2008). A plaintiff does not have a cause of action under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendant Kudrin is a private party and could not have been acting under color of state law. The facts presented in the Amended Complaint do not pertain to Defendants Grafton Correctional Institution or All Unknown Actors/Agents. Therefore, Plaintiff has no cause of action against these Defendants under § 1983.

Plaintiff's claims under the United States Criminal Code also must fail. A criminal statute does not provide a private cause of action. *Banks-Bey v. Acxiom*, 2010 WL 395221 * 3 (N.D. Ohio, Jan 27, 2010). Only a grand jury can indict a criminal defendant. *Zukowski v. Bank of America*, 2009 WL 2132620 * 2 (S.D. Ohio, Jul. 7, 2009). His claims for violation of the United States Postal Law and the Anti-Terrorist Act. are frivolous.

Furthermore, 28 U.S.C. 1332(a) provides:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between-
> (1) citizens of different states;...

Plaintiff and Defendants are citizens of the State of Ohio. Diversity of citizenship does not exist. Thus, this Court has no jurisdiction over any state tort claims.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

        */s/Dan Aaron Polster 8/24/10*
        JUDGE DAN AARON POLSTER
        UNITED STATES DISTRICT JUDGE